IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD TURNER, #1257447 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv137 |
| | | APPEAL NO. 06-40993 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

On May 11, 2006, the Court entered a Final Judgment dismissing the above-styled and numbered petition for a writ of habeas corpus. The Petitioner filed a notice of appeal. The Fifth Circuit concluded that it could not determine whether the notice of appeal was timely and whether it had jurisdiction to consider the appeal. The Fifth Circuit noted that the notice of appeal would be timely if the Petitioner deposited the letter containing the notice of appeal in the institution's internal mail system on or before June 12, 2006. Fed. R. App. P. 4(c)(1). The *pro se* notice of appeal was dated June 9, 2006, and stamped as filed on June 15, 2006. Thus the case was remanded for a determination of when the notice of appeal was delivered by the Petitioner to prison authorities for forwarding to the court clerk.

The Director was ordered to submit authenticated copies of pages from the outgoing legal mail log at the Petitioner's unit showing when the Petitioner submitted a letter for mailing address to the Court between June 8, 2006, and June 15, 2006. The Director was also ordered to obtain an affidavit from the mail room supervisor explaining how often mail was picked up and how long it took mail room personnel to log a letter after it is delivered to the mail room.

1

The Director filed a response on September 21, 2006. The mail logs reveal that a letter from the Petitioner addressed to the Court was logged on Tuesday, June 13, 2006. The mail room supervisor specified in her affidavit that offender mail is picked up once a day between 7:00 a.m.-7:30 a.m., Monday through Friday. The legal mail is logged the same morning it is picked up and mailed out the same day. The Director thus argued that the notice of appeal was placed in the prison mail system on Tuesday, June 13, 2006, at the earliest and was untimely filed.

The Petitioner filed a response on September 29, 2006. He noted that the unit is locked down and thus he was unable to thoroughly investigate a response. He asserted that he deposited his documents in the unit hallway mailbox after 7 a.m. on June 9, 2006. He noted that he has no control over when the mail was picked up.

A review of the Director's documentation reveals that mail logged on Tuesday, June 13, 2006, needed to be in the unit mailbox by 7 a.m. on that day to be logged on that day. Consequently, mail deposited in the unit mailbox after the mail was picked up between 7 a.m. and 7:30 a.m. on Monday, June 12, 2006, would not be logged until June 13, 2006. The Petitioner's assertion that he placed the letter in question in the mailbox on Friday, June 9, 2006, after 7 a.m., means that it should have been logged on Monday, June 12, 2006. It was not, however, logged until Tuesday, June 13, 2006. The Court must also keep in mind in deciding this issue that the Petitioner had no control over when prison officials actually picked up his mail. The information provided by parties does not provide a definitive answer; nonetheless, the dispositive factor in the finding of the Court is that the Director cannot show that the letter was not deposited on Monday, June 12, 2006, after 7 a.m. and before midnight, which would make the notice of appeal timely. It is accordingly

**ORDERED** that the Court finds that the letter containing the notice of appeal was deposited in the unit mailbox for mailing to the Court no later than June 12, 2006. The Clerk shall forward a copy of this memorandum to the Court of Appeals and to the parties in this lawsuit. All motions not previously ruled on are **DENIED**. The Clerk shall note in the records of this case that the cause of action is terminated at the district court level.

**SIGNED this 4th day of October, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE